FILED

12/27/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0212

DA 15-0212

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 338N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JEFFORY A. LAFIELD,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Twenty-First Judicial District,
                    In and For the County of Ravalli, Cause No. DC 13-55
                    Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C.,
                Kalispell, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Madison L. Mattioli,
                Assistant Attorney General, Helena, Montana

                William E. Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  November 30, 2016

Decided:   December 27, 2016

Filed:

                                    _____
                                          Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In October 2013, Jeffory LaField entered into a plea agreement in which he pled no contest to felony driving under the influence of alcohol (DUI), fourth or subsequent offense, and felony assault on a peace officer. The Montana Twenty-First Judicial District Court, Ravalli County, accepted the plea agreement and entered a Judgment and Commitment in December 2013. An Amended Judgment and Commitment was entered on January 24, 2014.

¶3 For LaField's felony DUI conviction, the District Court committed LaField to the Montana Department of Corrections (DOC) for a period of thirteen months, for placement into an appropriate correctional facility, followed by a five-year suspended commitment to the DOC. The judgment provided that if LaField completed the WATCh program or other residential alcohol treatment program operated or approved by the DOC, the court would allow him to serve the remainder of his thirteen-month commitment on probation. For LaField's felony assault conviction, the court committed him to the custody of the DOC for a period of five years, all suspended on conditions, and set to run concurrently to the felony DUI sentence.

¶4 In July 2014, the State filed a petition to revoke LaField's suspended sentence on the grounds that LaField violated conditions of his sentence, including failing to comply with the rules and regulations of the WATCh program in January 2014, and disobeying the law by assaulting a fellow inmate in June 2014. At the October 6, 2014 scheduling hearing, the court released LaField on his own recognizance subject to specific conditions of release. The District Court set a revocation hearing for November 24, 2014.

¶5 On November 19, 2014, the State filed an amended petition to revoke LaField's suspended sentence. In the amended petition, the State alleged that, in addition to the violated conditions set forth in the original Petition, on November 15, 2014, LaField violated numerous other conditions including driving a vehicle while under the influence of alcohol and assaulting another peace officer.

¶6 We note that from April 2013, when the State filed its Information, through the revocation proceeding in March 2015, LaField was represented by six attorneys, most of whom withdrew. At the revocation hearing, LaField represented himself, with appointed stand-by counsel. Just before the hearing commenced, LaField became angry and spit on stand-by counsel. The District Court allowed the hearing to commence with warnings to LaField. However, shortly into LaField's cross-examination of the State's first witness, LaField became combative and threatened and cursed the judge. The judge had him removed from the courtroom and put into a room with "sight and sound" technology to allow him to follow the proceeding. LaField refused to watch or listen.

¶7 The District Court conducted the hearing, instructing stand-by counsel to cross-examine the State's multiple witnesses. At the close of the hearing, the District

3

Court revoked both suspended sentences and committed LaField to the DOC for five years with a strong recommendation for prison placement. The District Court issued its written Order of Commitment on March 5, 2015. It is from this Order that LaField appeals.

¶8 We review a district court's revocation of a suspended sentence for an abuse of discretion. *State v. Baird*, 2006 MT 266, ¶ 15, 334 Mont. 185, 145 P.3d 995.

¶9 LaField, through counsel, argues on appeal that he is entitled to a written statement of the evidence upon which the court relied in revoking his suspended sentences. He claims that because he was absent from the courtroom during the proceeding, the District Court's obligation to provide such a written statement was critical. He proffers that the court's failure to do so entitled him to reversal of his judgment and a remand for further proceedings.

¶10 The State counters that the court's lack of written findings does not entitle LaField to a new revocation hearing. Rather, the State is required to prove, by a preponderance of the evidence, that LaField violated the terms and conditions of his suspended sentence and the record of the case can provide sufficient support for the court's revocation. Section 46-18-203(6), MCA; *Baird*, ¶¶ 17, 30.

¶11 In *Baird*, this Court reviewed the district court's revocation of a deferred sentence imposed on Baird following a felony stalking conviction. Baird was present at the revocation hearing and testified on his own behalf. He did not deny that he violated the order of protection on numerous occasions. *Baird*, ¶¶ 10, 12. The district court addressed Baird directly when it pronounced judgment, asking if Baird understood why

4

the court was revoking his deferred sentence. Baird answered in the affirmative. *Baird*, ¶ 13.

¶12 On appeal, Baird argued that he was denied due process because the court had not set forth, in a written statement, the evidence relied upon for the revocation of his deferred sentence as required by *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973). "[D]ue process requires that upon revocation of a probation the defendant receive a written statement of the evidence relied upon by the arbiter and the reason for revoking probation." *Baird*, ¶ 24. While acknowledging the rule of *Gagnon*, and a subsequent similar ruling in *Black v. Romano*, 471 U.S. 606, 105 S. Ct. 2254 (1985), we noted that the U.S. Supreme Court, in deference to state court systems, recognized and sought to preserve flexibility in revocation proceedings, "which does not require the full panoply of procedural safeguards associated with a criminal trial." *Baird*, ¶ 28 (citing *Black*, 471 U.S. at 613, 105 S. Ct. at 2258). Consequently, we concluded "that the due process requirements of a written statement by the district court may be satisfied by a record that provides adequate factfinding and an adequate basis for appellate review." *Baird*, ¶ 30. We continued:

> Read as a whole, the oral and written records from the District Court provide an adequate basis for this Court's review, as required by *Black* and *Richardson*.[1] This Court has no difficulty identifying and evaluating the information used by the District Court to revoke Baird's deferred sentence. The record is adequate to determine that the District Court's revocation of Baird's probation was based on "permissible grounds supported by the evidence." We conclude that the District Court's written order and hearing transcript meet the minimal due process requirements required by *Gagnon* and its progeny.

---

[1] *State v. Richardson*, 2000 MT 72, 299 Mont. 102, 997 P.2d 786.

5

*Baird*, ¶ 32.

¶13 Applying *Baird* to the case before us, the written transcript reveals that the District Court heard credible testimony from the security coordinator of the WATCh facility, an Anaconda detention officer, a probation and parole district supervisor, and a Missoula County sheriff's deputy. LaField's stand-by counsel cross-examined these witnesses on LaField's behalf. These witnesses provided evidence and testimony that LaField: (1) violated the rules and regulations of the WATCh facility, (2) assaulted a fellow inmate, (3) drove a vehicle, consumed alcohol, and drove while under the influence of alcohol, (4) assaulted a Missoula County sheriff's deputy while resisting arrest, (5) gave a false name to the Missoula County sheriff's deputy, and (6) was driving without a valid license or proof of insurance. Each of these claims represented a violation of a specific term or condition of LaField's suspended sentences. While the District Court found that the State had not established that LaField drove a vehicle that was not equipped with an ignition interlock system as required by his suspended sentence conditions and as alleged by the State, the court expressly found that the State had proven by a preponderance of the evidence that LaField had violated the remaining probation conditions as alleged. It is apparent from the hearing transcript the evidence the District Court relied upon to issue its order of revocation. While factually distinguishable in that Baird was present in the courtroom, *Baird* nonetheless supports our conclusion that the District Court did not abuse its discretion in revoking LaField's suspended sentences.

¶14 Lastly, LaField's absence from the proceeding and his failure to watch or listen to the hearing after his removal for disruptive and abusive behavior does not place a higher burden on the District Court in administering the proceeding. It is undisputed that the District Court provided LaField with the opportunity to be present and be heard and LaField did not avail himself of the opportunity.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court did not abuse its discretion in revoking LaField's suspended sentences.

¶16 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON